UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 25cr10041 |
| | ) | |
| v. | ) | Violation: |
| | ) | |
| SIMON POSEN, | ) | Count One: |
| | ) | Conspiracy to Commit Securities Fraud |
| Defendant | ) | (18 U.S.C. § 1349) |
| | ) | |
| | ) | Forfeiture Allegation: |
| | ) | 18 U.S.C. § 981(a)(1)(C) and |
| | ) | 28 U.S.C. § 2461(c) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.     Defendant SIMON POSEN lived in New York and Florida.

2.     Kris Bortnovsky, also known as "Kris Bort," lived in New York and Florida.
Bortnovsky was the president and co-founder of Sakal Capital Management, LLC ("Sakal
Capital Management"), a privately held asset management firm incorporated in Delaware, and
managed the Sakal US Fund LLC ("Sakal US Fund").  Bortnovsky was a friend of POSEN.

3.     Co-conspirator 1 ("CC-1") lived in New York and Florida.  CC-1 was a friend of
both POSEN and Bortnovsky, and an investor in the Sakal US Fund.

4.     At Home Group, Inc. ("At Home") was a retailer of home décor products based in
Plano, Texas that, at relevant times, traded on the New York Stock Exchange ("NYSE") under the
ticker symbol HOME and was an issuer with a class of securities registered under Section 12 of
the Securities Exchange Act of 1934 (the "Exchange Act").

5.      Individual 1 was a close friend of POSEN who lived in New York.  At relevant times, Individual 1 was a partner at a private equity firm in New York (the "Private Equity Firm").  At relevant times, the Private Equity Firm owned a stake in At Home.

6.      MongoDB, Inc. ("MongoDB") was a technology company based in New York that, at relevant times, traded on the Nasdaq Stock Market under the ticker symbol MDB and was an issuer with a class of securities registered under Section 12 of the Exchange Act.

7.      Individual 2 lived in New Jersey and was an employee of MongoDB with access to confidential information regarding the company's financial performance.

8.      Individual 3 lived in New Jersey and was a friend of Individual 2.  Individual 3 was also a close friend of CC-1.

<u>Overview of the Conspiracy</u>

9.      Beginning no later than in or about June 2017 and continuing through at least in or about June 2023, POSEN conspired with Bortnovsky, CC-1, and others known and unknown to the U.S. Attorney to obtain material non-public information ("MNPI" or "inside information") about the financial performance and merger-and-acquisition activity of various publicly-traded companies and to trade in the securities of those companies while in possession of that MNPI.

<u>Object and Purpose of the Conspiracy</u>

10.     The object of the conspiracy was to commit securities fraud by trading in the securities of various companies while in possession of MNPI about them.  The principal purposes of the conspiracy were to make money and to conceal the conspirators' actions from others, including regulators and law enforcement.

<u>Manner and Means of the Conspiracy</u>

11.    Among the manner and means by which POSEN, Bortnovsky, CC-1 and others known and unknown to the U.S. Attorney carried out the conspiracy were the following:

a.    Obtaining and sharing with each other MNPI about various companies, including but not limited to companies with which Individual 1 and Individual 2 were affiliated as major investors, employees, or about which they otherwise had confidential business information;

b.    Trading in the securities of those companies while in possession of that MNPI, in violation of the fiduciary duties and duties of trust and confidence the conspirators owed to the sources of the information, or that the sources owed to the companies; and

c.    Taking steps to conceal the scheme from regulators, law enforcement, and others, including by communicating about the MNPI in person or using coded language.

<u>Acts in Furtherance of the Conspiracy</u>

12.    Beginning no later than in or about June 2017 and continuing through at least in or about June 2023, POSEN, Bortnovsky, and CC-1, together with others known and unknown to the U.S. Attorney, committed and caused to be committed the following acts, among others, in furtherance of the conspiracy:

13.    In or about the summer of 2017, after Individual 1 learned in the course of his employment at the Private Equity Firm that At Home had entered into discussions to potentially be acquired, Individual 1 shared the MNPI regarding a potential sale of At Home with POSEN in trust and confidence.

3

14.     Thereafter, in or about the summer of 2017, POSEN shared with Bortnovsky the MNPI regarding the potential sale of At Home, in breach of the duty of trust and confidence that POSEN owed Individual 1.  POSEN shared the MNPI regarding At Home with Bortnovsky with the intent that Bortnovsky would trade At Home securities while in possession of the MNPI and pursuant to an agreement between POSEN and Bortnovsky that POSEN would receive a percentage of Bortnovsky's profits in trading At Home securities while in possession of the MNPI.

15.     On or about August 28, 2017, Bortnovsky began to purchase At Home securities, including call options, while in possession of the MNPI that POSEN had shared with Bortnovsky in violation of the duty POSEN owed Individual 1.

16.     As another example, in or about the spring of 2022, POSEN traded MongoDB securities while in possession of MNPI regarding the company's forthcoming quarterly earnings, which POSEN obtained from CC-1.

17.     On or about May 26, 2022, less than one week before MongoDB was scheduled to announce its first quarter 2022 earnings, Individual 2 messaged Individual 3 about MongoDB's upcoming quarterly earnings: "Our q1 nums look good fyi.  Very good but who knows with this crazy market.  It shouldn't drop."  Individual 3 responded by "liking" the message from Individual 2 and stating: "need a comeback [crying-laughing face emoji]".

18.     Later, on or about the same day, May 26, 2022, Individual 3 sent CC-1 a screenshot of the above message exchange with Individual 2 and stated: "I have something."  Approximately one minute later, CC-1 called Individual 3.  Following that phone call, Individual 3 messaged CC-1: "Let me know what we're doing."

19.     On or about May 31, 2022, one day before MongoDB was scheduled to announce its first quarter 2022 earnings, CC-1 messaged POSEN: "Coming over in 20."  During an in-person

meeting between CC-1 and POSEN later that afternoon, CC-1 shared the MNPI regarding MongoDB's financial performance with POSEN.

20.     Later, on or about the same day, May 31, 2022, while in possession of the MNPI regarding MongoDB's financial performance he had obtained from CC-1, POSEN purchased thousands of MongoDB shares for more than $2,000,000.

21.     On or about the following day, June 1, 2022, before MongoDB announced its quarterly earnings after the close of the stock market, Individual 3 and CC-1 purchased MongoDB securities.  On or about the same day, Individual 3 messaged CC-1, in relevant part: "Let's crush." CC-1 responded: "Let's go."  Individual 3 replied, in relevant part: "today should be good for us," and "delete our text thread."

22.     On or about the same day, June 1, 2022, following the close of the stock market and after MongoDB announced positive quarterly results that exceeded market expectations, Individual 3 messaged CC-1: "They beat on revenue and earnings.  Just reading about it now."

23.     Thereafter, in or about June 2022, following the announcement of MongoDB's first quarter 2022 earnings, POSEN sold MongoDB securities he had begun purchasing on May 31, 2022, for a profit of more than $200,000.

## COUNT ONE
Conspiracy to Commit Securities Fraud
(18 U.S.C. § 1349)

The U.S. Attorney charges:

24.     The U.S. Attorney re-alleges and incorporates by reference paragraphs 1 to 23 of this Information.

25.     From in or about June 2017 and continuing through at least in or about June 2023, in the District of Massachusetts and elsewhere, the defendant,

SIMON POSEN,

conspired with Kris Bortnovsky, CC-1, and others known and unknown to the U.S. Attorney to commit securities fraud, that is, to knowingly execute and attempt to execute a scheme and artifice (a) to defraud persons in connection with securities of issuers with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934, including but not limited to At Home Group, Inc., and MongoDB, Inc.; and (b) to obtain, by means of false and fraudulent pretenses, representations and promises, money and property in connection with the purchase and sale of securities of issuers with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934, including but not limited to At Home Group, Inc., and MongoDB, Inc., in that POSEN, Bortnovsky, CC-1, and others traded in the securities of those companies while in possession of material non-public information, in violation of Title 18, United States Code, Section 1348.

All in violation of Title 18, United States Code, Section 1349.

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

26.    Upon conviction of the offense charged in Count One, the defendant,

SIMON POSEN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C),

and Title 28, United States Code, Section 2461(c), any property, real or personal, which

constitutes or is derived from proceeds traceable to the offense.

27.    If any of the property described in Paragraph 26, above, as being forfeitable

pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code,

Section 2461(c), as a result of any act or omission of the defendant --

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without
         difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendants up to the value of the property described in Paragraph 26 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

                                        LEAH B. FOLEY
                                        UNITED STATES ATTORNEY

                              By:    */s/ Ian J. Stearns*
                                        KAITLIN R. O'DONNELL
                                        IAN J. STEARNS
                                        Assistant United States Attorneys